UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No: 1:20-cv-3715-CMA-KLM

**DEBORAH LAUFER,**

Plaintiff,

v.

**CAMPFIELD PROPERTIES, LLC.**,

Defendant(s).

_____

**PLAINTIFF'S OBJECTION TO REFERRAL OF MOTION TO DISMISS
FOR LACK OF STANDING TO MAGISTRATE JUDGE**

_____

Plaintiff, Deborah Laufer, through counsel, hereby respectfully objects to this Court's referral of matters concerning the Defendant's pending Motion to Dismiss For Lack of Standing [D.E. 12], to the United States Magistrate Judge because doing so, over objection, is not permissible under 28 U.S.C. 633(b)(1)(A). More specifically:

1.       This is an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") in which the Plaintiff is requesting the Defendant be ordered to bring his hotel website and the third party booking sites it utilizes, for example, expedia.com, into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1). That section, imposes standards for reservation systems maintained or utilized by places of lodging such as the one

operated by the Defendant.

2. On March 8, 2021, the Defendant filed a Motion to Dismiss for Lack of Standing in which it asked this Court to dismiss this case for lack of subject matter jurisdiction due to lack of standing [D.E. 12]. Thereafter, the Parties filed the Magistrate Consent Form indicating that one of the parties did not agree to referral to the Magistrate Judge [D.E. 16]. By order of March 10, 2021, the Magistrate Judge directed this case to be reassigned to a District Judge [D.E. 17].

3. Via Memorandum dated March 11, 2021, this Court referred all pending motions to the Magistrate Judge including the Defendant's Motion to Dismiss for Lack of Standing [D.E. 20].[1]

4. 28 U.S.C. 636(b)(1)(A) provides:

> A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court *except* a motion ... to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

(Italics added).

5. By its own terms, and in the absence of consent by all parties, the Defendant's Motion to Dismiss for Lack of Standing falls within that exception and, consequently, does not fall within the statutory jurisdiction of Magistrate Judges. The referral was thus improper.

6. The referral of the Defendant's Motion to Dismiss for Lack of Standing was thus improper.

**I HEREBY CERTIFY** that, on March 11, 2021, I electronically filed the foregoing with

---

[1]The memorandum reads: MEMORANDUM regarding [13] MOTION to Strike [11] Notice of Case Association, [2] Notice (Other) filed by Campfield Properties LLC, [14] Unopposed MOTION to Stay filed by Campfield Properties LLC, [12] *MOTION to Dismiss for Lack of Jurisdiction filed by Campfield Properties LLC*. Motions referred to Magistrate Judge Kristen L. Mix by Judge Christine M. Arguello on 3/11/2021 (italics added).

the Clerk of the Court using the CM/ECF system which will  automatically send

e-mail notification of such filing to the attorneys of record.

          /s/ *Philip Michael Cullen, III*.
          **PHILIP MICHAEL CULLEN, III**
          **Attorney at law – Chartered**
          621 South Federal Highway, Suite Four
          Fort Lauderdale, Florida 33301
          Telephone: (954) 462-0600
          Facsimile: (954) 462-1717
          CULLENIII@aol.com.com